IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**   3:94-CR-00332-RE
                                 3:95-CR-00224-RE

**OPINION AND ORDER**

v.

**RACHELLE RANAE "SHELLEY" SHANNON,**

        Defendant.

**REDDEN**, Judge:

Defendant moves (# 80, # 45), *pro se*, to vacate or correct her sentence pursuant to 28 U.S.C. § 2255.

**PROCEDURAL HISTORY**

On June 7, 1995, Defendant plead guilty, pursuant to a plea agreement, to multiple charges in two indictments, No. 3:94-CR-00332-RE arising in the District of Oregon, and NO.

1 - OPINION AND ORDER

3:95-CR-00224-RE arising in the Eastern District of California and transferred to this district under Rule 20 of the Federal Rules of Criminal Procedure. The ten counts of conviction encompassed six fire-bombings and two butyric acid attacks at abortion clinics in Oregon, California, and Nevada between April and November 1992.

On September 8, 1995, this court imposed a mandatory consecutive sentence of 15 years for the two violations of 18 U.S.C. § 844(h). In the guidelines portion, the court imposed a sentence of 60 months, to be served consecutively to Defendant's unexpired Kansas sentence for attempted murder, for a total consecutive sentence of 20 years on all charges.

## DISCUSSION

Defendant argues that her prison sentence violated the Sixth Amendment's right to trial by jury. Defendant relies on *Alleyne v. United States,* 133 S.Ct. 2151 (2013). The *Alleyne* Court held that any fact that increases the mandatory minimum sentence for a crime is an "element," not a "sentencing factor," that must be presented to the jury. *Alleyne,* 133 S.Ct. at 2162-2163.

### A. Defendant's Motions Fail as Untimely

The pertinent part of § 2255 provides "A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of (1) the date on which the judgment of conviction becomes final." Defendant's judgment became "final when the possibility of further direct appellate review was exhausted, that is, when the Supreme Court denied her petition for writ of certiorari. *Griffith v. Kentucky,* 479 U.S. 314, 321 (1987); *United States v. Garcia,* 210 F.3d 1058 (9th Cir. 2000). Defendant's one-year period of limitation therefore began on December 16, 1996, and ended on December 16, 1997. Defendant asserts that *Alleyne* is retroactively applicable to her case.

*Alleyne* was decided on direct review, and there is no indication in the decision that the rule applies retroactively on collateral review in any case. The Ninth Circuit has not directly addressed this issue, but every circuit to consider the question has determined that *Alleyne* has no retroactive effect. *See, Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Redd,* 735 F.3d 88, 91 (2nd Cir. 2013); *In re Payne,* 733 F.3d 1029-30 (10th Cir. 2013); *In re Kemper,* 735 F.3d 211, 212 (5th Cir. 2013). *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Apprendi* is not retroactive, and it follows that *Alleyne* is not retroactive. *Cooper-Smith v. Palmateer,* 397 F.3d 1236, 1246 (9th Cir. 2005).

### B. Defendant's Motions Fail Because She Waived Her Right to Trial by Jury

As documented by the United States, Defendant explicitly waived all of her jury trial rights when she entered into the plea agreement and plead guilty. *See, United States v. Lopez-Armenta,* 400 F.3d 1173, 1175 (9th Cir. 2005).

### CONCLUSION

Defendant's Motions (# 80, 45) are denied. This court confirms the 2006 order of the Ninth Circuit that "no further filings will be accepted in this closed case" (CR 78-79).

IT IS SO ORDERED.

Dated this 21st day of April, 2014.

JAMES A. REDDEN
United States District Judge